Crew, J.
On June 20, 1904, the plaintiff in error, a foreign corporation incorporated and organized under the laws of the state of Indiana, brought suit in mandamus in the court of common pleas of Franklin county, Ohio, against the defendant in error, Lewis C. Laylin, to compel him, as secretary of state of the state of Ohio, to issue and deliver to it, agreeably to the provisions of section 148d, of the Revised Statutes of Ohio, a certificate authorizing it to transact business in the state of Ohio as a foreign corporation. The petition filed by plaintiff in error in the court of common pleas contains among other allegations the following: '
“Your relator further shows that its proposed plan of business as determined by its charter is: to aid and protect the medical profession in the practice of medicine and surgery by the defense of physicians and surgeons against civil prosecutions for malpractice; by the sale of contracts to physicians and surgeons for a stated and agreed compensation by which it undertakes and agrees to maintain and manage the defense of the holder of such contract against any action brought against him for damages for alleged malpractice in relation to or connection with services performed, or which should have been *93 performed, within the time covered by the contract; by engaging attorneys and paying the expense of snch defense. Bnt yonr relator does not assume to pay any judgment for damages or costs or other judgment rendered against the contract holder, but only agrees to arrange and maintain the defense of the suit brought against- the contract holder for malpractice up to the time judgment is rendered therein. ’ ’
A copy of the form of contract made and entered into between the Company and its contract holders is attached to the petition, and by appropriate averment is made part thereof. This contract, so far as its terms and provisions are material and pertinent to the present inquiry, is as follows :
“In consideration of the written and printed application, which is hereby made a part of this contract, and the sum of Ten Dollars, receipt of which is hereby acknowledged, being the consideration of one year’s defense, and the further payment of Ten Dollars annually, in advance on the .... day of ........ of each year during the life of this contract,
The Physicians’ Defense Company.

(Hereinafter known as company)

hereby agrees to defend the legally qualified physician, .....................................of the City of........, County of........, State of........, against all civil suits for damages for malpractice, based on professional services rendered by himself or his agent during the term of this contract, at his own expense, not exceeding Twenty-five Hundred Dollars in defense of any one suit, nor exceeding in *94 the aggregate Five Thousand Dollars in defense of suits based on services rendered by the holder hereof, within one year from the date of this contract, or within any one year for which this contract shall be renewed, all in the manner and upon the conditions herein below stated, to-wit:
“Immediate notice by telegram, must be given the company at the Home Office at Fort "Wayne, Ind., of any suit brought or demand made; and the holder hereof shall immediately forward the summons, or other process served, and the complaint or petition filed; together with a full and complete history of the case and services rendered.
“Upon receipt of notice from the holder hereof that a suit has been commenced against him for damages for civil malpractice, the company will employ a local attorney, in whose selection the holder hereof shall have a voice, who, together with the company’s attorney, will defend the case without expense to the holder hereof.
‘ ‘ Such defense will be maintained until final judgment shall have been obtained in favor of the holder hereof, or until all remedies by appeal, writ of error or other legal proceedings shall have been exhausted, or until the sum of Twenty-five Hundred Dollars shall have been expended in said defense; provided said company shall not be under obligation to expend more than Five Thousand Dollars in the aggregate in the defense of suits based on services rendered, by the holder hereof, during the original one year term of this contract.
“Said company does not obligate itself to pay or to assume or to secure the payment of any judgment rendered against the holder hereof in any suit defended by it.
*95 “The company shall not compromise any suit or claim for malpractice against the holder hereof. Nor shall the holder hereof, after the company has entered upon the defense of any snch suit in behalf of the contract holder, compromise the same without the consent of the company in writing first thereto had, and by reimbursement of the company its expenses theretofore incurred.” ■
The plaintiff further alleges in its petition that prior to the filing thereof, to-wit: on the twenty-sixth day of January, 1904, pursuant to the provisions and requirements of section 148i, of the Revised Statutes of Ohio, and in conformity therewith, it made due application to Lewis C. Laylin, secretary of state, for a certificate authorizing it to do business in Ohio, tendered to him the required fee therefor, and demanded of him that he issue to it a certificate admitting it to the state of Ohio as a foreign corporation, and entitling it to transact in this state, the business authorized and provided for in its charter, but that said Lewis C. Laylin then refused, and still refuses so to do. ' "Wherefore, plaintiff prays that an alternative writ of mandamus may issue commanding said Lewis C. Laylin as secretary of state, to show cause, if any he have, why a peremptory writ should not issue requiring him to make and deliver to plaintiff a proper certificate authorizing it to transact and conduct its proposed business in the state of Ohio. To this petition the defendant, Lewis C. Laylin, interposed a general demurrer which was, upon submission, sustained by the court of common pleas and the petition of plaintiff was dismissed. On appeal to the circuit court the cause was there again heard and submitted upon the demurrer to the petition, and a like judgment was *96 rendered by that court sustaining said demurrer and dismissing the plaintiff’s petition. To procure a reversal of this judgment of the circuit court, The Physicians’ Defense Company prosecutes the present proceeding in error.
It is the claim and contention of counsel for defendant in error in this case, that the plaintiff in error, The Physicians’ Defense Company, is without right, under favor of section 148 í?, Bevised Statutes, -to either demand or receive from the secretary of state of the state of Ohio, a certificate admitting it-to this state with authority to transact business herein as a foreign corporation, because: 1. The business it proposes to transact is an “insurance business,” and said company has not complied with the statutes of this state regulating the admission to Ohio of foreign insurance companies. 2. That the business which said company proposes, if admitted, to conduct and carry on in this state is “professional ■business” and as such is expressly prohibited to corporations by section 3235, Bevised Statutes, which section provides in part as follows: “Corporations may be formed in the manner provided in this chapter for any purpose for which individuals may lawfully associate themselves, except for carrying on professional business. ” It is admitted in this case that if the business which plaintiff in error is, by its charter, authorized and empowered to transact, is an insurance business, that then plaintiff in error is not entitled to admission to this state, because of its not having complied with the requirements of the statutes of this state regulating and governing the admission of foreign corporations doing an insurance business. "While we have in Ohio no general statutory definition of insurance, it has been repeat *97 edly held by this court, in numerous cases, that the contract of insurance, is a contract of indemnity. May on Insurance, section 1, defines it as “a contract whereby one for a consideration, undertakes to compensate another if he shall suffer loss.” In Joyce on Insurance at section 24, it is said: “It is elementary that the contract of insurance, other than that of life and of accident, where the injury results in death, is one of indemnity. By indemnity is meant that the party insured is entitled to be compensated for such loss as is occasioned by the perils insured against, in precise accordance with the principles and terms of the contract of insurance. The right' to recover being commensurate with the loss sustained.” Measured by these definitions, and assuming the same to be correct, whether or not The Physicians’ Defense Company is an insurance company, and the business it proposes to transact is insurance business, must be determined from its charter, and from a consideration of the character, terms, and provisions of the contract it issues and sells.
The purpose of the Company, as defined and declared in and by its charter, is as follows: ‘ ‘ The purpose of this association shall be to aid and protect the medical profession in the practice of medicine and surgery, by the defense of physicians and surgeons against civil prosecutions for malpractice. ” And the proposed plan of conducting its said business, as stated in its charter, is as follows:
“The association shall issue to physicians and surgeons, for stated and agreed compensation, contracts by which it will undertake and agree to defend the holder of the contract at its own expense against any action brought against him for damages for *98 alleged malpractice, in relation to or in connection with services performed or which should have been performed within the time covered by the contract. But the association shall not, in any defense contract issued by it, assume, or agree to assume, or pay any judgment for damages for malpractice rendered against the holder of such contract. ’ ’
The contract issued by the Company under this provision of its charter, a copy of which contract is hereinbefore set out, is neither in form nor legal effect, anything more than a contract for services. And said contract imposes upon the Company no duty or obligation other than that of defending the physician or surgeon who may hold such contract, against any action that may be brought against him for alleged malpractice. By its contract the Company does not undertake or agree to indemnify or protect its contract holder against loss that may result to him because of any judgment that may be rendered against him in such suit, but any intention or purpose on its part to assume such risk oi liability, is in express terms directly negatived by the language of the contract itself, which as we have seen provides: 1 ‘ Said Company does not obligate itself to pay, or to assume, or to secure the payment of, any judgment rendered against the holder thereof in any suit defended by it.” The undertaking of the Company is not that it will compensate the physician or surgeon for loss or injury he may actually sustain, but only that it will, after suit brought against him, undertake and conduct for him his defense, and thereby, if may be, protect him against liability to loss, by preventing judgment being obtained against him. If the Company successfully performs its contract no loss or injury results to *99 the defendant. But if not, and judgment-be obtained against him, there is no obligation or liability on the part of the Company to pay or satisfy said judgment or any part of it. Obviously, we think, such contract is not one for indemnity, for under it the liability of the Company ceases, at the precise point and time, that the right to indemnity attaches or begins. We are of opinion, therefore, that the plaintiff Company is not an insurance company, nor the contract it issues an insurance contract.
There remains then the question, Is the business in which The Physicians’ Defense Company pro-' poses to engage, if admitted to this state, professional business 1 And this we think must be answered in the affirmative. Becurring to its charter, and to the terms and provisions of the contract issued and sold by said company, we learn that the business authorized and proposed, is that of defending physicians and surgeons against suits at law that may be brought against them for alleged malpractice. The language of the contract is: “The Physicians’ Defense Company hereby agrees to. defend the legally qualified physician ........ of the City of........, County of........, State of ........, against all civil suits for damages for malpractice,” etc. By the plain letter of this contract, the business to be transacted, and the matter or thing stipulated to be undertaken by the company, is the defense of a law suit. The services necessary to be rendered by the company in the carrying out and performance of its said contract, being such, as in this state, may only be performed by a member of the legal profession, an attorney at law, who shall have been first duly authorized and licensed to perform the same, are professional serv *100 ices, and a business which in its conduct or transaction requires and permits only that character .of service, is essentially and certainly, a professional business. But it is said by counsel for plaintiff in error, that The Physicians’ Defense Company, being a corporation, an impersonal entity, cannot and does not itself, engage in the practice of law, or the management and conduct of defenses in suits at law, but in what it does, or obligates itself to do, it undertakes only “to act. as the agent of the contract holder in retaining legal counsel and in managing- and maintaining the defense of the suit.” How else we may ask, could the corporation, being an impersonal entity, discharge its contractual obligation, other than by the employment of natural persons as its authorized agents-to carry out and perform its said contract1?
The agents to be employed, are and must be, attorneys at law, and by the express terms of its contract they are to be employed and paid by the corporation. While, therefore, the services rendered by the persons thus employed are rendered to, and in defense of, the contract holder, they nevertheless are rendered for, and in legal contemplation are performed by, the corporation itself. If this be not the engaging in or carrying on of professional business, then it would be difficult to conceive how professional business could be engaged in or carried on by a corporation. We are of opinion that the business proposed is professional business, and may not therefore be transacted or-carried on by a corporation in the state of Ohio because of the prohibitive provisions of section 3235, Revised Statutes. This conclusion renders it unnecessary to consider the further question suggested by counsel for defendant in error in *101 their brief, viz.: that the contract issued and sold by The Physicians ’ Defense Company, is a contract, the making of which is against public policy, because of the stipulations and provisions therein contained, restricting the right to compromise. .

Judgment affirmed.

Davis, C. J., Shauck, Price, Summers and Spear, JJ., concur.